# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| MOHAWK CARPET DISTRIBUTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. _____** |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| BEAULIEU GROUP LLC, | ) | |
| BEAULIEU OF AMERICA, INC., | ) | |
| BEAULIEU CANADA COMPANY, | ) | |
| and BEAULIEU OF CANADA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Mohawk Carpet Distribution, Inc. ("Mohawk") files this Complaint against Defendants Beaulieu Group LLC, Beaulieu of America, Inc., Beaulieu Canada Company, and Beaulieu of Canada, Inc. (collectively, "Beaulieu") and, in support thereof, alleges as follows:

## NATURE OF ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.  Plaintiffs seek monetary damages and injunctive relief in this action.

2.     Mohawk seeks, among other things, injunctive relief, monetary damages, punitive damages, and recovery of Mohawk's costs and reasonable attorneys' fees incurred in connection with this action.

## PARTIES

3.     Plaintiff Mohawk Carpet Distribution, Inc. is a Delaware corporation having its principal place of business at 160 South Industrial Boulevard, Calhoun, Georgia 30701.

4.     On information and belief, Defendant Beaulieu Group LLC is a Georgia limited liability company having its principal place of business at 1502 Coronet Drive, Dalton, GA 30722.

5.     On information and belief, Defendant Beaulieu of America, Inc. is a Georgia corporation having its principal place of business at 1502 Coronet Drive, Dalton, GA 30722.

6.     On information and belief, Defendant Beaulieu Canada Company is a Canadian company having its principal place of business at 335 Roxton Street, Acton Vale, Quebec J0H 1A0, Canada.

7.     On information and belief, Defendant Beaulieu of Canada, Inc. is a Georgia corporation having its principal place of business at 1502 Coronet Drive, Dalton, GA 30722.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action

pursuant to 28 U.S.C. §§ 1331, 1332, and 1338 because this case arises under the

patent laws of the United States, Title 35 of the United States Code.

9.      This Court has personal jurisdiction over Beaulieu pursuant to 28

U.S.C. §§ 1391(b), (c), and/or (d), and 28 U.S.C. § 1400(b), because at least one of

the Beaulieu Defendants resides within the State of Georgia, Beaulieu has a regular

and established place of business in the State of Georgia, and Beaulieu transacts

business within the State of Georgia including, but not limited to, contracting to

supply goods or services in the State of Georgia, engaging in acts of patent

infringement within the State of Georgia, engaging in acts outside the State of

Georgia causing injury within the State, and engaging in tortious acts within the

State of Georgia.  Beaulieu has purposefully and voluntarily placed its products, or

caused its products to be placed, into the stream of commerce with the expectation

that they will be purchased by consumers in this District and throughout the State

of Georgia.  As such, Beaulieu has established minimum contacts with the forum

such that the exercise of jurisdiction over Beaulieu would not offend traditional

notions of fair play and substantial justice.

10.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because this is an action for patent infringement, at least one of the Beaulieu Defendants resides in this State, Beaulieu has purposefully directed their activities at residents of this State, and Beaulieu has committed acts of infringement in this State.

## BACKGROUND

11.     Mohawk is a leading global flooring manufacturer that designs, develops, manufactures, and markets innovative flooring products to enhance residential and commercial spaces around the world.

12.     Mohawk has spent millions of dollars developing new and innovative flooring products.  Mohawk's industry-leading innovation has yielded products and technologies that differentiate Mohawk's brands in the marketplace and satisfy a full range of flooring-related remodeling and new construction requirements.

13.     Mohawk's commitment to innovation and quality has made it the world's largest flooring company, with operations in Australia, Brazil, Canada, China, Europe, India, Malaysia, Mexico, New Zealand, Russia, and the United States.

14.     Because of its investments of time, effort, expertise, and financial resources in developing and bringing to market its flooring products, Mohawk has sought and secured an extensive patent portfolio covering its inventions.

## THE PATENTS-IN-SUIT

15.     On May 10, 2016, the United States Patent & Trademark Office ("USPTO") duly and legally issued United States Patent No. 9,332,870 ("the '870 Patent"), entitled "Double Image Overprint Carpet Components and Methods of Making Same."  The '870 Patent names Clyde Ray Burgess and Paul Matthew Dabrowa as inventors.  A true and correct copy of the '870 Patent is attached herein as Exhibit A.

16.     The '870 Patent has been assigned to Mohawk, and Mohawk owns the entire right, title, and interest to the patent.  As such, Mohawk has standing to sue and the right to recover damages for infringement of the '870 Patent and pursue any and all causes of action and remedies, whether legal or equitable, related thereto.

17.     On May 10, 2016, the USPTO duly and legally issued United States Patent No. 9,332,871 ("the '871 Patent"), entitled "Double Image Overprint Carpet Components and Methods of Making Same."  The '871 Patent also names Clyde

Ray Burgess and Paul Matthew Dabrowa as inventors. A true and correct copy of the '871 Patent is attached herein as Exhibit B.

18.    The '871 Patent has been assigned to Mohawk, and Mohawk owns the entire right, title, and interest to the patent. As such, Mohawk has standing to sue and the right to recover damages for infringement of the '871 Patent and pursue any and all causes of action and remedies, whether legal or equitable, related thereto.

## INFRINGEMENT OF THE PATENTS-IN-SUIT

19.    Mohawk repeats and incorporates by reference each and every allegation of Paragraphs 1 through 18 of this Complaint, as though fully set forth herein.

20.    Upon information and belief, Beaulieu sells and offers for sale carpet products, including, but not limited to, carpet incorporating Beaulieu's "MINGLE" carpet print base ("MINGLE Carpet") under Beaulieu's "Aqua Hospitality Carpets" brand and Beaulieu's "FUSION" carpet ("FUSION Carpet") under Beaulieu's "Peerless Hospitality Carpet" brand.

21.    Upon information and belief, Beaulieu manufactures, sells, offers for sale, and/or uses carpet products that infringe the '870 and '871 Patents, including but not limited to, MINGLE Carpet and FUSION Carpet, in the United States.

22.    MINGLE Carpet is advertised on Beaulieu's Aqua Hospitality Carpets website (http://www.aquahospitalitycarpets.com/wp-content/uploads/Mingle_Bases.pdf), reproduced below:



23.    Upon information and belief, MINGLE Carpet includes a carpet substrate having a pattern, as shown in the annotated image and Fig. 1 below:



**Fig. 1: Beaulieu Carpet Substrates Having a Pattern
          (Without Overprint)**



24.    Upon information and belief, the pattern of the MINGLE Carpet substrate features multiple adjoining design elements that are arranged so that the design of one design element is not predictable from the design of an adjoining design element, as shown below:



**Fig. 2: Beaulieu Carpet Substrates Having a Plurality of Non-Predictable Adjoining Design Elements**

25.     Upon information and belief, MINGLE Carpet also comprises an overprint disposed onto the carpet substrate to form a single carpet component, as indicated by the annotated Beaulieu marketing materials shown below:

MINGLE CARPET PRINT BASE

MINGLE is the ultimate synthesis of texture and pattern in Hospitality Carpet. It starts with a collection of six patterned cut and loop textured bases, then, an additional pattern of your choosing is overprinted onto the selected base. The result is a rich multi-layered coalescence of light nuances and textural element that will infuse your space with beauty. Its unique aesthetics makes MINGLE a perfect alternative to expensive woven Axminster or hand-tufted carpet, with shorter delivery times.

Moreover, MINGLE Carpet is designed to serve as the base for an overprint, as shown by the annotated Beaulieu marketing materials below:



26.     Upon information and belief, the MINGLE Carpet overprint features a plurality of adjoining design elements that are arranged so that the design of at least one design element is predictable from the design of an adjoining design element, as shown by the annotated Beaulieu marketing materials below:



- 10 -

27.     Upon information and belief, the MINGLE Carpet substrate pattern and overprint are not in register, as shown by the annotated Beaulieu marketing materials below:



28.     Upon information and belief, the pattern of a MINGLE Carpet substrate is formed by different loop height, different cut pile height, and/or selective cut and uncut tufts, as indicated by the annotated photograph and annotated Beaulieu marketing materials below:





29.    Upon information and belief, the MINGLE Carpet substrate pattern is repeated in at least one linear direction, as shown by the annotated photo below:



30.    Upon information and belief, MINGLE Carpet features a repeating overprint design size that is different from the repeating carpet substrate pattern size.

31.    Upon information and belief, MINGLE Carpet features a repeating overprint design size that is offset relative to the repeating carpet substrate pattern size.

32.    Upon information and belief, MINGLE Carpet comprises tufts having different heights.

33.    Upon information and belief, MINGLE Carpet comprises a sulfonated cationic dyeable fiber and a non-sulfonated cationic dyeable fiber.

34.    Upon information and belief, MINGLE Carpet is intended to be positioned so that the overprint of adjacent carpet components are in alignment along at least some of the abutting portions of the carpet components.

35.    Upon information and belief, MINGLE Carpet installations comprise a plurality of individual carpet components having the characteristics previously recited in Paragraphs 22–34.

36.    Upon information and belief, MINGLE Carpet installations include an overprint design with a repeating design size that is different from the repeating pattern size of the carpet substrate.

37.    Upon information and belief, the method for creating MINGLE Carpet includes: creating a pattern with an unpredictable combination of design elements; creating a carpet substrate on which the pattern is repeated at least once

by tufting yarn into a primary backing and forming the pattern using different loop heights, different cut pile heights, or selective cut and uncut tufts; and overprinting a design with a predictable combination of design elements onto the carpet so that the overprint design and the overall pattern are not in register.  This is supported by, *inter alia*, the description provided by Beaulieu's marketing materials, reproduced below:



MINGLE CARPET PRINT BASE

MINGLE is the ultimate synthesis of texture and pattern in Hospitality Carpet. It starts with a collection of six patterned cut and loop textured bases, then, an additional pattern of your choosing is overprinted onto the selected base. The result is a rich multi-layered coalescence of light nuances and textural element that will infuse your space with beauty. Its unique aesthetics makes MINGLE a perfect alternative to expensive woven Axminster or hand-tufted carpet, with shorter delivery times.

38.    Upon information and belief, the method for creating MINGLE Carpet repeats the carpet substrate pattern in at least one linear direction within the carpet substrate.

39.    Upon information and belief, the method for creating MINGLE Carpet repeats the overprint design in at least one linear direction on the carpet substrate.

40.    Upon information and belief, the method for MINGLE Carpet repeats the carpet substrate pattern and the overprint design in such a way that the

repeating size of the overprint design is different from the repeating size of the carpet substrate pattern.

## COUNT I:
### Patent Infringement of U.S. Patent No. 9,332,870

41.     Mohawk repeats and incorporates by reference each and every allegation of Paragraphs 1 through 40 of this Complaint, as though fully set forth herein.

42.     As shown in greater detail in Paragraphs 18–36 above, Beaulieu's carpeting products, including, but not limited to MINGLE Carpet and FUSION Carpet, embody every limitation of at least claims 1, 3–7, 10–12, and 14 of the '870 Patent.

43.     Upon information and belief, Beaulieu directly infringes or induces others to infringe, either literally and/or under the doctrine of equivalents, at least claims 1, 3–7, 10–12, and 14 of the '870 Patent by selling, offering to sell, manufacturing and/or using its carpeting products, including, but not limited to its MINGLE Carpet and FUSION Carpet, in the United States.

44.     Mohawk has been damaged by Beaulieu's past and continuing infringement of the '870 Patent in an amount to be determined at trial.

45.     Mohawk has been damaged and continues to be irreparably injured by Beaulieu's past and continuing infringement of the '870 Patent, and Beaulieu's

infringing activities will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

46.    Mohawk has suffered and is suffering monetary damages from Beaulieu's unauthorized infringement that are compensable under 35 U.S.C. § 284 in an amount to be determined at trial or hearing.

### COUNT II:
### Patent Infringement of U.S. Patent No. 9,332,871

47.    Mohawk repeats and incorporates by reference each and every allegation of Paragraphs 1 through 46 of this Complaint, as though fully set forth herein.

48.    As shown in greater detail in Paragraphs 18–40 above, Beaulieu's carpeting products, including, but not limited to, MINGLE Carpet and FUSION Carpet, embody every limitation of at least claims 1 and 5-8 of the '871 Patent.

49.    Upon information and belief, Beaulieu directly infringes, either literally and/or under the doctrine of equivalents, at least claims 1 and 5–8 of the '871 Patent by selling, offering to sell, manufacturing and/or using its carpeting products, including, but not limited to its MINGLE Carpet and FUSION Carpet, in the United States.

50.    Mohawk has been damaged by Beaulieu's past and continuing infringement of the '871 Patent in an amount to be determined at trial.

51.     Mohawk has been damaged and continues to be irreparably injured by Beaulieu's past and continuing infringement of the '871 Patent, and Beaulieu's infringing activities will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

52.     Mohawk has suffered and is suffering monetary damages from Beaulieu's unauthorized infringement that are compensable under 35 U.S.C. § 284 in an amount to be determined at trial or hearing.

## JURY DEMAND

53.     Mohawk demands a trial by jury of all issues so triable.

## INFRINGEMENT OF THE PATENTS-IN-SUIT

**WHEREFORE**, Mohawk respectfully requests the following relief:

a.     A judgment in favor of Mohawk that Beaulieu has infringed the '870 Patent, whether literally or under the doctrine of equivalents, as described herein;

b.     A judgment in favor of Mohawk that Beaulieu has infringed the '871 Patent, whether literally or under the doctrine of equivalents, as described herein;

c.     A judgment and order requiring Beaulieu to pay Mohawk's damages, costs, expenses, and pre-judgment and post-judgment interest for Beaulieu's infringement of the '870 Patent as provided under 35 U.S.C. § 284, including

supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

      d.     A judgment and order requiring Beaulieu to pay Mohawk's damages, costs, expenses, and pre-judgment and post-judgment interest for Beaulieu's infringement of the '871 Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

      e.     An order under 35 U.S.C. § 283 permanently enjoining Beaulieu from continuing to make, use, sell, offer to sell, and/or import into the United States the products accused of infringing the '870 Patent;

      f.     An order under 35 U.S.C. § 283 permanently enjoining Beaulieu from continuing to make, use, sell, offer to sell, and/or import into the United States the products accused of infringing the '871 Patent;

      g.     An order declaring that Beaulieu's infringement was willful and an award of treble damages;

      h.     An order declaring this to be an exceptional case pursuant to 35 U.S.C. § 285;

      i.     Such other relief as the Court deems just and proper.

Dated: July 14, 2016

ALSTON & BIRD LLP

By:  s/ *Wesley C. Achey*

Wesley C. Achey (Ga. Bar No. 141284)
wes.achey@alston.com
Sean B. Bedford (Ga. Bar No. 807127)
sean.bedford@alston.com
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309-3424
Telephone:  404-881-7000

*Attorneys for Plaintiff*
*Mohawk Carpet Distribution, Inc.*